IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHEEN JOHNSON, Inmate #29040-044, )<br>)<br>           Plaintiff,       )<br>)<br>vs.                              )<br>                                 )<br>HARLEY G. LAPPIN, C/O CHAMBERS, )<br>COUNSELOR BLACK, C/O PETTY, B. )<br>GRELICK, ROBERT WHITEHOUSE, M. )<br>GELIOS, D. BANING, SARA REVELL, )<br>and CAPTAIN SMITH,               )<br>                                 )<br>           Defendants.          ) | CIVIL NO. 05-900-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Baning and Whitehouse for violations of due process in a March 10, 2005, disciplinary hearing.

**COUNT 2:** Against Defendants Gelios, Revell, Smith, and Chambers for cruel and unusual conditions of confinement.

**COUNT 3:** Against Defendant Gelios for violations of due process in a May 12, 2005, disciplinary hearing.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal for failure to state a claim.

## COUNT 1

On February 18, 2005, Plaintiff was placed in segregation pending a disciplinary investigation. On March 1, 2005, Officer Sellers (not a defendant) placed Plaintiff in a "dry cell" and later Defendant Baning asked him if he needed to urinate. Plaintiff replied that he did not. A few hours later, Plaintiff was charged with refusing to provide a urine sample for drug testing. At a subsequent disciplinary hearing Defendant Whitehouse found Plaintiff guilty of the charge and

disciplined him with 30 days in segregation and revocation of 40 days of good conduct credit. Plaintiff argues that he should not have been found guilty of the charges because it was unclear at the time that Defendant Baning was requesting a urine sample and therefore the procedures used were contrary to the policies and regulations of the Bureau of Prisons for collecting urine samples for drug testing. Plaintiff also argues that while in the "dry cell," where he was placed for six days, he was denied personal hygiene items causing a rash and a gum infection, and was exposed to low temperatures without adequate clothing causing headaches and sore throats.

When a plaintiff brings an action for procedural due process violations in a prison disciplinary hearing, he must show that prison officials deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin* in holding that disciplinary segregation does not by itself create an "atypical and significant hardship" triggering due process protections because "lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen." *See Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997), *quoting Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis

of a suit complaining about a deprivation of liberty." *Id.*

At the hearing on the March 1 charges, Plaintiff was sent to disciplinary segregation for 30 days. Plaintiff makes reference to the harsh conditions in the "dry cell" that he had to endure for six days, however, the Court finds that these conditions did not impose "an atypical and significant hardship in relation to the ordinary incidents of prison life." Therefore, Plaintiff's due process claim regarding his time in segregation is without merit.

A loss of good conduct credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good conduct credit revoked in the disciplinary proceeding. A habeas action pursuant to 28 U.S.C. § 2241 is available to raise due process claims based on the forfeiture of good conduct credits. *See Waletski v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994). In fact, habeas corpus is the sole federal remedy where an inmate seeks a determination that he is entitled to immediate or speedier release or for challenging the fact or duration of an inmate's confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Plaintiff maintains that he is not seeking the restoration of the good conduct credit, but only damages for the due process violations that occurred, and therefore he should be able to bring these challenges to the disciplinary hearing in this *Bivens* action. However, he contradicts himself where he clearly states in his request for relief, "Plaintiff seeks to have the incident report expunged from his record." Expungement of the disciplinary report necessitates restoration of good conduct credit. This type of relief cannot be granted in a *Bivens* action. Because any restoration of Plaintiff's good conduct credit necessarily implicates the length of his sentence, habeas corpus is the only remedy available to Plaintiff for any due process violations that might have occurred during the investigation of the charges and subsequent disciplinary hearing.

Consequently, Plaintiff has failed to state a due process claim in this *Bivens* action.  Accordingly, Count 1 is **DISMISSED** from the action without prejudice to Plaintiff's bringing his challenge regarding the revocation of good conduct credit in a properly-filed action pursuant to 28 U.S.C. § 2241.

### COUNT 2

Plaintiff challenges the conditions he had to endure for six days in the "dry cell" as violating the Eighth Amendment's prohibition against cruel and unusual punishment.  Plaintiff states that he received no personal hygiene items during this six day period, ultimately causing a rash and gum disease, and that he was not allowed adequate clothing to protect him from the cold conditions in the cell.  Plaintiff states that Defendants Gelios, Revell, and Smith and Lt. Bowding (not a defendant) were responsible for Plaintiff's placement in the cell and that they did not follow the policies and procedures of 28 C.F.R. § 552.12.

The Eighth Amendment prohibition against cruel and unusual punishment has been a means of improving prison conditions that were constitutionally unacceptable.  *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime .*Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Constitution also prohibits punishment that is totally without penological justification.  *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety.  *Rhodes,* 452 U.S. at 346 ; *See*

*also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *See also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's

knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842.  A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22.  It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

Based on Plaintiff's allegations and these legal standards, Plaintiff has failed to state a claim upon these facts because Plaintiff has not shown how the defendants acted with deliberate indifference to a substantial risk of harm.  Plaintiff states that they put him in the cold cell, but he does not make any allegations of a culpable state of mind by any of the defendants.  Plaintiff does state that he complained about his headaches and sore throat to an unspecified unit officer, and was told that he could see a physician's assistant the next morning.  This is not deliberate indifference.  Plaintiff also states that he asked Defendant Chambers for hygiene items, and was told they would be provided, but Plaintiff never received any.  At most, Plaintiff describes negligence, but negligence is not sufficient to state an Eighth Amendment claim.  Accordingly, Count 2 is **DISMISSED** from the action with prejudice.  See 28 U.S.C. § 1915A.

### COUNT 3

On April 13, 2005, Plaintiff was charged with extorting money from other inmates.  A hearing was held on the charges on May 12, 2005.  Two witnesses testified as to Plaintiff's extortion activities; one witness testified on Plaintiff's behalf.  In addition to the witness statements, the hearing officer relied upon an investigative report prepared by Defendant Gelios, copies of money orders, and other confidential information.  Plaintiff was found guilty of the charges and was disciplined with 21 days in segregation and revocation of 27 days of good conduct credit.  Plaintiff argues that the procedures used to find him guilty were inadequate.  His objections center on the

reliability of the two witnesses who testified against him and certain information discounting their testimony that was not presented at the hearing. He also objects to the disproportionate punishment he received compared to other inmates found guilty of similar or more serious charges.

Because Plaintiff has not shown that his confinement in segregation imposed "an atypical and significant hardship in relation to the ordinary incidents of prison life," he has failed to state a due process claim regarding his placement in segregation. *See Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997); *Sandin v. Conner*, 515 U.S. 472, 484 (1995); and discussion in Count 1, above.

As stated above, Plaintiff may bring his challenge to the revocation of good conduct credit only in a habeas corpus action pursuant to 28 U.S.C. § 2241, because his stated request for relief–the expungement of the disciplinary report–is unavailable in this *Bivens* action. Accordingly, Count 3 is **DISMISSED** from the action without prejudice to Plaintiff's bringing his challenge regarding the revocation of good conduct credit in a properly-filed action pursuant to 28 U.S.C. § 2241.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, each count of the action is **DISMISSED** as detailed above. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 18th day of December, 2006.**

                                              **s/ Michael J. Reagan**
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**